IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DEMITRIUS DEMARION WALDEN, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:22-CV-12 (WLS-TQL) |
| JONES, *et. al.*, | : |
| Defendants. | : |

## **ORDER**

Before the Court is a Recommendation filed by United States Magistrate Judge Thomas Q. Langstaff. (Doc. 33). Therein, Judge Langstaff recommends that Defendant's Motion for Summary Judgment (Doc. 31) be granted because Plaintiff failed to file a response to the motion, and the record shows that Defendant is entitled to judgment as a matter of law.

Specifically, Plaintiff alleged that Defendant Captain Jones violated his constitutional rights by giving him inadequate medical care and caused delays in getting Plaintiff adequate medical care. (Doc. 13). Defendant moved for summary judgment (Doc. 31), attaching a statement of material facts which there is no genuine issue to be tried, affidavit of Nurse Rosa Juarez[1], portions of Plaintiff's medical records, and Plaintiff's deposition. (Docs. 31-1–31-6). Judge Langstaff provided Notice (Doc. 32) to Plaintiff, proceeding pro se, about the motion for summary judgment and that Plaintiff may respond to it. But Plaintiff did not file a response.

---

[1] However, because Nurse Juarez's affidavit (Doc. 31-3) did not contain an affirmation that the affidavit was made on her personal knowledge nor appears that the affidavit was based on her personal knowledge, Judge Langstaff did not consider it "beyond her verification of Plaintiff's medical records as business records." (Doc. 33, at 4).

1

Upon reviewing the record, Judge Langstaff concluded that Defendant's Motion for Summary Judgment (Doc. 31) should be granted because Plaintiff failed to create a genuine issue of material fact as to whether Defendant Jones acted with deliberate indifference to a serious medical condition, there is no evidence of deliberate indifference by Defendant Jones, Plaintiff also failed to show that any delay in treatment exacerbated his condition as evidence, and the record showed that Defendant Jones, if anything, ultimately acted to expedite Plaintiff's treatments.

More than fourteen days passed without any objections being filed. Thus, the Court has reviewed the Recommendation (Doc. 39) and finds no plain error or manifest injustice therein. *See United States v. Aponte*, 461 F. App'x. 828, 830 n.2 (11th Cir. 2012); 28 U.S.C. § 636(b).

Accordingly, upon full review and consideration of the record, the Court finds that the Recommendation (Doc. 33) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Defendant's Motion for Summary Judgment (Doc. 31) is **GRANTED**. The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff. Plaintiff shall take nothing upon his Complaint.

**SO ORDERED**, this  19th  day of July 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**